```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
ANDRE BOYER,                  :
                              :
        Petitioner,           :     Civ. No. 18-12001 (NLH)
                              :
    v.                        :     OPINION
                              :
                              :
WARDEN SOUTH WOODS STATE PRISON, :
                              :
        Respondent.           :
_____:
```

APPEARANCES:

Andre Boyer
258063/57420A
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro Se

Mary Eva Colalillo, Camden County Prosecutor
Jason Magid, Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
    Counsel for Respondent

HILLMAN, District Judge

This matter comes before the Court on Respondent Warden, South Woods State Prison's motion to dismiss Petitioner Andre Boyer's habeas corpus petition as time barred. ECF No. 21. Petitioner objects to dismissal and has filed a "motion of misconduct" in which he contends, *inter alia*, that his petition is timely and that attorneys representing him in the past have committed misconduct. ECF No. 23. The motions are now ripe for

disposition.  For the reasons that follow, the Court will grant the motion to dismiss.  Having determined that the Petition must be dismissed as untimely, the Court will dismiss Petitioner's motion as moot.

I.  BACKGROUND

A Camden County jury convicted Petitioner of two counts of first-degree robbery, N.J.S.A. 2C:15-1; three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); second-degree conspiracy, N.J.S.A. 2C:5-2; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); second-degree possession of a weapon by a convicted felon, N.J.S.A. 2C:39-7; and second-degree witness tampering, N.J.S.A. 2C:28-5(a).  ECF No. 21-5; see also ECF No. 21-7 at 1-2.  The trial court sentenced Petitioner as a persistent offender on September 20, 1996 to an aggregate term of life imprisonment with an additional 40 years with a 35-year period of parole ineligibility.  ECF No. 21-5.

The New Jersey Superior Court, Appellate Division ("Appellate Division") affirmed the convictions and sentence but

remanded in order to have the trial court state the reasons for the consecutive sentences.  State v. Boyer, No. A-1507-96 (N.J. Super. Ct. App. Div. Jan. 26, 2000) (per curiam); ECF No. 21-7.  The New Jersey Supreme Court denied certification on May 19, 2000.  State v. Boyer, 753 A.2d 1154 (N.J. 2000) (Table); ECF No. 21-8.  On October 20, 2000, the trial court issued its reasons for the sentence and memorialized it by order issued on September 27, 2002.  ECF No. 21-11; see also ECF No. 33.

Petitioner filed a petition for post-conviction relief ("PCR") on August 19, 2000.  ECF No. 21-9.  The PCR court denied the petition on February 24, 2004 for failing to comply with the court rules.  ECF No. 21-12.  A new petition was filed on October 13, 2005.  ECF No. 21-13.  The PCR Court denied the petition without an evidentiary hearing on September 26, 2006.  ECF No. 21-14.  A notice of appeal was filed on May 16, 2008, ECF No. 21-15, and the Appellate Division affirmed the PCR court on May 5, 2010, ECF No. 21-16.  The New Jersey Supreme Court denied certification on September 15, 2010.  ECF No. 21-19.

Petitioner filed his third PCR petition on September 29, 2011.  ECF No. 21-20.  The PCR court found that the petition was barred by state procedural rules.  ECF No. 21-21 at 10 (citing N.J. Ct. R. 3:22-12(a)(2)).  The Appellate Division affirmed for the reasons stated by the PCR court on September 4, 2014.  ECF

No. 21-23. The New Jersey Supreme Court denied certification on February 17, 2015. ECF No. 21-25.

On June 19, 2018, Petitioner filed a document in a closed civil rights case[1] captioned as a "Notice of Motion for Federal Habeas New Trial Reduction of Sentence." See ECF No. 1 at 3. The Honorable Anne E. Thompson, D.N.J., ordered the motion to be severed from the closed civil case and to be opened as a new action under 28 U.S.C. § 2254 because the relief sought by Petitioner was to vacate his Camden County convictions. ECF No. 1-1. The new matter was assigned to the undersigned. Once the new action was opened, the Court administratively terminated the petition and directed Petitioner to fill out the Clerk's form for § 2254 petitions. ECF No. 5. Petitioner submitted the form, ECF No. 10, and the Court reopened the matter and ordered Respondent to answer, ECF No. 15.

Respondent Warden of South Woods State Prison moves to dismiss the petition as time barred. ECF No. 21. Respondent asserts the § 2254 petition was filed outside of the one-year statute of limitations for filing habeas corpus petitions in federal court. Id. In a document captioned as a "motion for misconduct, "Petitioner argues that he has been pursuing his claims and suffers from mental illnesses. ECF No. 23. He

---

[1] Andre Boyer v. Correctional Medical Services, No. 97-3268 (D.N.J. closed June 2, 1998).

4

states that he filed multiple requests for counsel and assistance in filing his § 2254 from the court and various legal organizations but did not receive any response. Id. at 2.

II. DISCUSSION

    A.  Legal Standard

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

B. Analysis

1. Statutory Tolling

In order to determine whether the § 2254 petition is untimely, the Court must first determine when Petitioner's sentence was final. "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Thus, when a petitioner is resentenced, direct review is not final until the expiration of time for seeking review of the resentencing.

---

[2] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

6

The Appellate Division remanded for resentencing on January 26, 2000. State v. Boyer, No. A-1507-96 (N.J. Super. Ct. App. Div. Jan. 26, 2000) (per curiam); ECF No. 21-7. The New Jersey Supreme Court denied certification on May 19, 2000. State v. Boyer, 753 A.2d 1154 (N.J. 2000) (Table); ECF No. 21-8. The trial court issued its reasons for the sentence on October 20, 2000 but did not issue a written order until September 27, 2002. ECF No. 21-11. "It is well settled that an appeal lies only from a written order or judgment, not from opinions or oral decisions which have not been reduced to order or judgment." Valenti v. Planning Bd. of City of Absecon, 581 A.2d 878, 881 (N.J. Super. Ct. App. Div. 1990). Petitioner therefore had forty-five days from September 27, 2002 to appeal the sentence, N.J. Ct. R. 2:4-1(a), making his appeal due Tuesday, November 12, 2002 as Monday, November 11, 2002 was Veterans Day. Fed. R. Civ. P. 6(a)(1)(C). Petitioner did not appeal from the resentencing; therefore, his conviction was final for purpose of AEDPA on November 12, 2002.

Generally, the time to file a federal habeas petition is tolled during the time a state post-conviction petition is pending as Petitioner's first PCR motion was between August 19, 2000 and February 24, 2004. 28 U.S.C. § 2244(d)(2). "However, the AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was

7

'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (quoting Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999)).

The PCR court dismissed the first PCR petition on February 24, 2004 for failing to comply with the court rules. ECF No. 21-12. It therefore cannot be considered "properly filed" within the meaning of AEDPA, and the time between August 19, 2000 and February 24, 2004 is not tolled. Therefore, the one-year statute of limitations continued to run after Petitioner's conviction became final on November 12, 2002 and expired one year later on November 12, 2003, well before this petition was filed in June 2018.

The petition would also be untimely if the entire time between August 19, 2000 and February 24, 2004 was statutorily tolled under 28 U.S.C. § 2244(d)(2). Petitioner had until Monday, April 12, 2004 to appeal the dismissal of his PCR petition.[3] One year from that date is April 12, 2005. No state court proceedings were pending between before Petitioner filed his second PCR petition on October 13, 2005. ECF No. 21-13.

Finally, as noted by Respondent, Petitioner would be out of time even if § 2244(d)(2) tolled all of Petitioner's state court

---

[3] Friday, April 9, 2004 was Good Friday.

8

proceedings.  The New Jersey Supreme Court denied certification on Petitioner's third PCR petition on February 17, 2015.  ECF No. 21-25.  One year from that date is February 17, 2016.[4]  This § 2254 petition was not filed until June 19, 2018, more than 365 days later.  The § 2254 is untimely under AEDPA any way the Court calculates the statute of limitations and must be dismissed unless equitable tolling applies.

    2.   <u>Equitable Tolling</u>

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).  In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, . . . <u>but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period</u>.'"  <u>Ross v. Varano</u>, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting <u>Pabon v. Mahanoy</u>, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

---

[4] Section 2244(d)(2) does not toll the ninety-day period to file a petition for certiorari in the United States Supreme Court as it only covers state court proceedings.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

9

Petitioner alleges he has an extensive mental health history and he has been attempting to litigate his claims for years. "[M]ental incompetence is not a per se reason to toll a statute of limitations." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (citing Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). "Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." Id. (citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). See also Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline ... the deadline should be equitably tolled.").

Petitioner has alleged an extensive mental health history. He frequently states he has dementia, but a medical evaluation conducted in connection with his PCR petition in 2012 found no diagnosis of dementia and concluded that Petitioner "did not present as someone with a diagnosis of dementia." ECF No. 25 at 14-15. The report indicated he had prior diagnoses of Bipolar Disorder Personality Disorder, Intermittent Explosive Disorder, Continuous Cocaine Abuse, Personality Disorder with Anti-Social Features Adjustment Disorder, Depression, and Anti-Social Personality Disorder. Id. at 14.

The burden is on Petitioner to give a particularized description of how these conditions adversely affect his capacity to function generally or to pursue his rights specifically. See Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010). Despite all of these diagnoses, Petitioner has "not put forth any particular evidence to show that his mental illness prevented him from asserting his rights." United States v. Johnson, 734 F. App'x 153, 159 (3d Cir.), cert. denied, 139 S. Ct. 471 (2018). Petitioner was able to file three PCR petitions in the state courts and acknowledged to his expert "that his mental condition has improved significantly since the time that he went to trial on the instant offense." ECF No. 25 at 18. The report does not provide any information as to how these disorders prevented him from filing on time and indicated that "[h]e does not show evidence of a thought disorder. His thinking is very concrete. Under low stress conditions he is likely to be able to conduct his daily activities without significant problems. Under high stress conditions he is likely to act out his emotions through overt motor activity." Id. at 16. Nothing in the report indicates Petitioner is not able to comprehend filing deadlines or pursue relief in the courts.

Indeed around the time the mental health report was written, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. Boyer v. Camden Superior

11

Court, No. 12-1195, 2012 WL 4442790 (D.N.J. Sept. 24, 2012). The Court dismissed the petition for lack of jurisdiction on September 24, 2012 and informed Petitioner that he had to file a § 2254 petition. Id. Moreover, the Court notes that Petitioner has not provided the Court with any documentation supporting his assertions that are dated more recently than the 2012 report.

Petitioner has failed to carry his burden on showing there is a nexus between the extraordinary circumstances his condition allegedly caused and the failure to file a timely habeas petition. Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013). The petition is therefore dismissed as time barred.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack will be granted.  Having dismissed the petition as beyond the statute of limitations, Petitioner's motion shall be denied as moot.  No certificate of appealability shall issue.  An appropriate order will be entered.


Dated: February 28, 2020        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.